IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DUNCAN STREET INVESTORS, LP,** § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| v. § | CASE NO. 6:20-CV-530-JDK | |
| § | | |
| **ZURICH AMERICAN INSURANCE** § | | |
| **COMPANY,** § | | |
| *Defendant.* § | | |

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Duncan Street Investors, LP (hereinafter referred to as "Plaintiff" and/or "Duncan Street"), files its First Amended Petition to complain of Zurich American Insurance Company (hereinafter referred to as "Defendant" and/or "Zurich"), and respectfully shows as follows:

**I.
PARTIES AND PROCESS SERVICE**

1.  Plaintiff is a Limited Partnership domiciled in Texas.

2.  Defendant Zurich is an insurance company engaging in the business of insurance in the State of Texas. Defendant Zurich may be served with process through its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**II.
JURISDICTION**

3.  Pursuant to 28 U.S.C. § 1441, et. seq., Defendant removed this case based on diversity of citizenship under 28 U.S.C. § 1332. [D.E. 1].

4.      The court has jurisdiction over Defendant Zurich because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## III.
## VENUE

5.      Venue is proper in this District based on 28 U.S.C. § 1391(b) in that a substantial part of the property that is the subject of the action is situated in this District Court, the Eastern District of Texas, Tyler Division.

## IV.
## NOTICE AND CONDITIONS PRECEDENT

6.      Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages, in the manner and form required pursuant to TEX. INS. CODE § 542A.003. Plaintiff has received a copy of such notice.

7.      All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiff, excused or waived by Defendant, or Plaintiff is excused from performance due to Defendant's prior breach of the policy. Defendant has not been prejudiced by Plaintiff's actions, inactions, or delays, if any.

8.      Any failures that may have occurred on behalf of the Plaintiff have not prejudiced the Defendant in this case.

## V.
## FACTS

9.      Plaintiff is the owner of property located at 1700 E. Duncan Street, Tyler, Texas 75701 ("Property"). The Property was insured by insurance policy numbers CPO 0187020-00 (in effect from October 22, 2015 to October 22, 2016) and CPO 0187020-01 (in effect from October 22,

2016 to October 22, 2017), issued by Defendant Zurich (collectively referred to as the "Policy"). Plaintiff was the owner of the Policy and the named insured under the Policy.

10.     On or about April 27, 2016, and April 26, 2017, or another time when the Policy was in effect, severe wind and hailstorms moved through the area causing substantial damage to the Property. These damages constituted a covered loss under the Policy.  On approximately March 22, 2018, after becoming aware of the damages to its Property as a result of the storms, Plaintiff made a claim (claim no. 5630018579) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy ("Claim"). After Plaintiff made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

11.     Defendant Zurich retained consultants, DBI Construction Consultants, to assist in the investigation of Plaintiff's Claim. Defendant and its consultants also retained the services of an engineer and a meteorologist to assist in the investigation of the Claim.

12.     The damages at the Property were, or should have been, known to Defendant from the outset of its investigation, and despite several Property inspections and opportunities to adjust the Claim accordingly, Defendant and its consultants continuously failed to incorporate the full extent of Property damages and misrepresented the causes of loss to Plaintiff resulting in a gross undervaluation of the Claim.

13.     Defendant and its consultants ignored all the evidence exhibiting the storm-caused damages from the reported date of loss, and instead relied on misrepresentations about the extent and cause of the damages. Defendant's investigation was performed with a pre-determined approach to undervalue the loss regardless of the evidence.

14. Defendant identified the date of loss as being May 3, 2017. Based on this, Defendant improperly determined that there were no covered losses as a result of a May 3, 2017 storm, and that most of the damages allegedly pre-dated the Policy's inception period in 2015.

15. Defendant acknowledged an April 10, 2017 loss date, but determined that the damages to the Property as a result of this storm was below the Policy's deductible.

16. Defendant made no payment on the claim and continued to misrepresent the date of loss to Plaintiff and its representatives.

17. Plaintiff retained a Public Adjusting firm to assist in the investigation of its Claim. Plaintiff's Public Adjuster identified numerous areas of storm-caused damages at the Property, specifically areas of water intrusion as a result of the storm damages.

18. Plaintiff and its Public Adjuster presented this information to Defendant and its representatives evidencing the storm-caused damages at the Property, along with weather data and other evidence showing the condition of the Property. Instead of adjusting their valuation to account for this information on the covered losses, Defendant continued to ignore this information and relied on misrepresentations about the actual damages.

19. Defendant and its representatives also engaged in intentional delay tactics throughout the handling of the Claim. For example, Defendant performed several property inspections in April and June of 2018, but failed to provide a coverage determination until approximately October 16, 2018. During this time, Plaintiff and its representatives reached out to Defendant on numerous occasions to receive an update and/or decision on the Claim, and further expressed their concern with Defendant's unreasonable delay in the resolution of the Claim.

20. Plaintiff's public adjuster provided Defendant with a detailed letter in September of 2018 requesting a formal claim update and informing Defendant of their unreasonable delays.

Importantly, the letter informed Defendant of the condition of Plaintiff's Property and the emergency repairs Plaintiff had to perform as a result of the damages from the subject storm. This letter was in addition to several other correspondence requesting status updates. In response, Defendant failed to provide any reasonable justification or explanation for its delay and continued to ignore Plaintiff's concerns and injury.

21.     Defendant was also aware that Plaintiff intended to sell the Property around this time and, in response, engaged in intentional delay tactics to delay the claim and cause harm to Plaintiff. Plaintiff made numerous efforts and attempts at communication in order to get a decision from Defendant before the sale of the Property, all of which were ignored by Defendant. Instead of reaching a decision within the time allowed under the applicable laws, Defendant, with full knowledge that Plaintiff would continue to suffer harm and monetary loss, particularly loss in the value of the Property, intentionally continued to unjustifiably delay resolution of the claim and prevented Plaintiff from proceeding with the sale of the Property in a reasonable and timely manner.

22.     Before selling the Property, Plaintiff intended to obtain a claim decision from Defendant to perform necessary repairs on the Property. After many months of waiting for a decision - a process that should have taken substantially less time had Defendant complied with the applicable provisions under the Texas Insurance Code – Plaintiff was unable to keep up with Defendant's gamesmanship and was ultimately forced to sell the Property in its damaged condition at a significantly reduced value. Defendant was fully aware of this situation and intentionally acted with malice in delaying the Claim by preventing Plaintiff from obtaining timely knowledge of its financial position with regards to the Property and damages.

23. To date, Defendant has delayed full payment on the Claim as owed under the Policy, and continues to delay full resolution of the Claim, causing Plaintiff further injury and damages.

24. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper and timely investigation or provide any estimates to Plaintiff, and misrepresented to Plaintiff about the coverage of the Policy. Thus, its denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

25. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence a proper investigation of the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

26. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

27. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the

full and entire claims, in writing from Defendant despite Plaintiff's numerous attempts for a timely resolution. Defendant continued to rely on misrepresentations in their inadequate explanation of their coverage determination, and refused to adjust or fully account for the documents presented to them evidencing storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

28. Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendant ignored all the documents and information evidencing the storm damages at the Property and continued to rely on misrepresentations about the date of the Storm and covered perils under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

29. Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

30. Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

31. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim.

The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

32. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

34. Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT ZURICH

35. Defendant Zurich is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

36. Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

    **A.**     **Breach of Contract.**

37. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Zurich. Defendant breached the contract by refusing to perform its obligations under the terms

of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

        **B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

38.    The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

39.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

41.    Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

42.    Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to

Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE **§**541.060(4).

43. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE **§**541.060(7).

44. Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE **§**542.003(5).

### C. Prompt Payment Of Claims Violations.

45. The Claim is a claim under an insurance policy with Defendant Zurich of which Plaintiff gave Defendant notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiff's Claim within a reasonable time and manner. Defendant received notice of the loss on approximately March 22, 2018, but staggered out its investigation over a period of approximately three months after notice. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiff with a proper explanation of their Claim decision. Specifically, Defendant delayed a coverage determination for several months, despite having all the information it required to make such determination. Defendant delayed completion of the investigation by requiring numerous re-inspections of the Property before making any decision on the Claim. Even after Defendant's inspections were allegedly completed on approximately June 12, 2018, Defendant delayed making a decision on the claim until October 16, 2018. This caused Plaintiff further injury and

    damages which Defendant was put on notice of; Defendant failed to act on this. Defendant provided no reasonable explanation or justification for its unreasonable delays. Defendant also failed to provide a proper explanation of their denial. Defendant relied on misrepresentations about the covered losses and the policy as a basis for its claim decision.; and/or by

    c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiff's Claim.

46.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by Tex.Ins.Code **§542.060**.

    **D.**    **Breach Of The Duty Of Good Faith And Fair Dealing.**

47.    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff were reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

## VII.
## KNOWLEDGE

48.    Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

49.    Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

50.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

51.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

52.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

53.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

54.    As a direct and foreseeable result of Plaintiff suffered foreseeable result of Defendant's acts and omissions in the mishandling of Plaintiff's claim, breach of contract, and violations of the Texas Insurance Code, Plaintiff suffered consequential damages which Plaintiff is entitled to recover.

55.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY DEMAND

56. Plaintiff hereby requests a jury trial and has previously tendered the appropriate jury fee.

## X.
## PRAYER

57. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN KLEIN & WOOD**

By: */s/   Hunter M. Klein*
HUNTER M. KLEIN
State Bar No.: 24082117
klein@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DELARAM FALSAFI
State Bar No. 24113083
falsafi@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2021, the foregoing document was served via first class, U.S. Mail, electronic service, or hand delivery upon the following counsel of record:

George H. Arnold
garnold@thompsoncoe.com
Susan Sparks Usery
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
**ATTORNEYS FOR DEFENDANT**

                                              */s/ Hunter M. Klein*
                                              Hunter M. Klein